PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. NIXON, | ) | |
| | ) | CASE NO. 4:14CV0413 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| PRESIDENT BARACK H. OBAMA, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

     On February 24, 2014, *Pro se* Plaintiff Mark A. Nixon, a federal inmate at the Northeast Ohio Correctional Center, filed this civil rights action against President Barack H. Obama. Plaintiff asserts his federal convictions are invalid because federal courts do not have jurisdiction over federal criminal prosecutions.[1] On that basis, he seeks damages and immediate release from custody.

     A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes the complaint fails to state a claim upon which relief may be granted, or if the

---

[1] Jurisdiction over criminal offenses against the United States is vested in the federal district courts pursuant to 18 U.S.C. § 3231. *See, e.g.*, *Dury v. United States*, No. 1:12-cv-00351-MR, 2014 WL 2159037, at *4 (W.D.N.C. May 23, 2014); *Mack v. United States*, No. 2:07-cv-800-FTM-29SPC, 2008 WL 5427804, at *2 (M.D. Fla. Dec. 30, 2008) (citing *United States v. Abdullah*, 289 F. App'x 541, 543 n. 1 (3d Cir. 2008) (finding that "[t]he 1948 amendment to [Section 3231], Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1948") (citing *United States v. Risquet*, 426 F. Supp.2d 310, 311 (E.D. Pa. 2006)).

(4:14CV0413)

plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A;  *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb.1, 2000).

Plaintiff is explicitly challenging the validity of his convictions and resulting confinement in a correctional institution.  The Supreme Court has held that when a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A.  The dismissal is without prejudice to any habeas corpus claims Plaintiff may have.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

| | |
|---|---|
| _July 3, 2014_ | _/s/ Benita Y. Pearson_ |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.